FILED
CLERK

9:30 am, Feb 07, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ESTATE OF HERMANN RENE,

                            Plaintiff,

        -against-

SUNHARBOR MANOR COMPREHENSIVE REHABILITATION
& SKILLED NURSING, US DEPARTMENT OF HEALTH AND
HUMAN SERVICES, CENTER FOR MEDICARE & MEDICAID
SERVICES, HEALTH FIRST PLANS & INSURANCE,

                            Defendants.
----------------------------------------------------------------------x
```

**Decision & Order**
15-cv-6982(ADS)(ARL)

## APPEARANCES:

**Law Offices of Jean Bruno**
*Attorneys for the Plaintiff*
26 Court Street
Brooklyn, NY 11242
  By: Jean-Philippe G. Bruno, Esq., Of Counsel

**Catalano Gallardo & Petropoulos, LLP**
*Attorneys for the Defendant Sunharbor Manor Comprehensive Rehabilitation & Skilled Nursing*
100 Jericho Quadrangle, Suite 326
Jericho, NY 11753
  By: Domingo R. Gallardo, Esq.
     William L. Schleifer, Esq., Of Counsel

**U.S. Attorney's Office, Eastern District of New York**
*Attorneys for the Defendants U.S. Department of Health & Human Services and Center for Medicare & Medicaid Services*
610 Federal Plaza
Central Islip, NY 11722
  By: Robert B. Kambic, Assistant U.S. Attorney

## NO APPEARANCES

**Health First Plans & Insurance**
*Defendant*

1

SPATT, District Judge:

## I. BACKGROUND

On December 8, 2015, the Estate of Hermann Rene (the "Estate") filed a complaint alleging that, after sustaining serious personal injuries in a fall, Mr. Rene (the "Decedent") was admitted to a facility run by the Defendant Sunharbor Manor Comprehensive Rehabilitation and Skilled Nursing ("Sunharbor"), in order to receive medical care and rehabilitation.

According to the complaint, between October 3, 2013 and December 19, 2013, the Decedent received the appropriate treatment and rehabilitation. However, at some point in December 2013, Sunharbor allegedly determined that the Decedent had become unresponsive to treatment and/or that he had exhausted the limits of his insurance coverage. Accordingly, Sunharbor allegedly discontinued its treatment of the Decedent, which resulted in various additional injuries, and eventually, the Decedent's death.

On these general facts, the complaint alleged a multitude of legal theories sounding in negligence; medical malpractice; wrongful death; violations of New York Public Health Law § 2803-c and its implementing regulations; unlawful imprisonment; breach of contract; intentional interference with a contractual relationship; malicious interference with contract rights; and promissory estoppel.

On August 8, 2016, the Estate filed a so-called "Motion to Stay," which consisted solely of: (1) a copy of the original complaint filed eight months earlier; and (2) a legal memorandum. Although no affidavit or other evidentiary material was submitted in support of the motion, the legal memorandum asserted numerous facts regarding a "parallel" State court action, which was allegedly underway in the Nassau County Surrogate's Court. According to the Estate, this related litigation involved a claim by Sunharbor to recover from the Estate approximately $61,000 for services it rendered to the Decedent. The Plaintiff requested that this Court stay the State court proceedings

on the ground that Sunharbor's claim in that case may be affected by the outcome of the Estate's various tort and contract claims in this case.

Six days later, on August 14, 2016, the Estate filed another so-called "Motion to Stay," this time including: (1) a seemingly unrelated attorney declaration, entitled "Motion to Amend," which was originally filed several months earlier on May 4, 2016; and (2) a citation, issued by the Chief Clerk of the Nassau County Surrogate's Court to five individuals, including the Executor of the Estate, directing them to show cause on August 26, 2015, as to why Sunharbor's claim against the Estate should not be approved.

Nothing in the current record indicates whether the Estate responded to the Surrogate's citation, or otherwise indicates the outcome of Sunharbor's claim in that proceeding.

## II. Discussion

The statute governing federal court stays of State court proceedings, namely, the Anti-Injunction Act, is codified in 28 U.S.C. § 2283, and provides that a federal court "may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments."

The authority conferred by this statute is "very limited," and "adopts the well-established principle that the lower federal courts are not superior to state courts and may not review state court judgments." *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir. 1981).

Thus, the Second Circuit has noted that "the Act forbid[s] a federal court from enjoining a party from prosecuting a state court action unless one of the three exceptions stated in the statute applies." *Std. Microsystems Corp. v. Tex. Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir. 1990) (citing *Atlantic Coast R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287-88, 90 S. Ct. 1739, 1743-44, 26 L. Ed. 2d 234 (1970)).

In this case, as described above, the Estate's submissions fail to establish that any of the three statutory exceptions is present in this case. In particular, the Estate does not identity any act of

Congress which expressly authorizes a stay. Nor does the Estate contend that a stay is necessary either in aid of the federal court's jurisdiction or to protect or effectuate its judgments. In fact, the Estate's motion lacks any reference at all to the exclusive source of the relief it seeks, namely, the Anti-Injunction Act.

Under these circumstances, the Court discerns no rational basis for interfering with any related State court proceedings and denies the Estate's motion for a stay in its entirety.

### III. CONCLUSION

Based on the foregoing, the Court denies the Estate's motion for a stay of any supposedly related State court proceedings.

Further, the Court notes that, while the Estate's motion for a stay was on submission, several of the Defendants filed dispositive motions to dismiss the complaint. The time for responding to these motions has long since expired, and the Estate has neither filed a response nor requested an extension of time to do so. In fact, it appears that the Estate has not participated in this case in any way since filing its motion for a stay in August 2016 – this despite the fact that, on two separate occasions on April 25, 2016 and May 5, 2016, the Court issued written warnings that continued indolence in prosecuting this matter might result in dismissal for failure to prosecute under FED. R. CIV. P. 41(b).

Now, in view of the Estate's continued failure for more than a year to take any meaningful action to advance this case beyond the pleading phase; coupled with its failure to oppose dismissal motions by all of the appearing Defendants, the Court is directing that, on or before February 13, 2017, the Estate shall show cause, in writing filed on ECF, why this case should not be dismissed for failure to prosecute.

The Estate is on notice that, this being the third such warning necessitated by its inactivity, if, by February 14, 2017, good cause is not shown for its failure to prosecute, the Court, on its own motion, will dismiss this case without further notice.

It is **SO ORDERED:**

Dated: Central Islip, New York
February 7, 2017

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge